IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MAJOR CADILLAC, INC., et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 07-0868-CV-W-FJG |
| ) | |
| GENERAL MOTORS CORPORATION, et al. ) | |
| ) | |
| Defendants. ) | |

## ORDER

Currently pending before the Court is Defendant Greg Flesch's Motion to Dismiss for Failure to State a Claim (Doc. No. 2), Plaintiff's Motion to Remand (Doc. No. 16), Plaintiffs' Motion to Stay all Proceedings Pending Resolution of the Pending Motion to Remand (Doc. No. 18), Plaintiffs' Motion to Dismiss for Lack of Jurisdiction (Doc. No. 30), and Defendant General Motors Corporation's Motion to Dismiss (Doc. No. 20). Each motion will be considered below.

### I. BACKGROUND

Plaintiff filed her petition in the Circuit Court of Jackson County, Missouri on October 22, 2007 against defendants General Motors Corporation ("General Motors"), GMAC Financial Services ("GMAC"), David Rowe, Greg Flesch ("Flesch"), and Mary Phelan (Defendants' Exhibit A to Defendants' Notice of Removal, Doc. No. 1-2). Plaintiffs in this case are three individual businessmen, Lee and John T. Major, James Henderson, and two former car dealerships in Kansas City, Major Cadillac, Inc. and Main Street Chevrolet, LLC.

Plaintiffs claim that defendants made false representations to plaintiffs in order to get plaintiffs to purchase the alleged worthless assets of "Fisher Chevrolet" dealership in Kansas City. Plaintiffs claim General Motors made misrepresentations about the actual and potential operations of Fisher Chevrolet, as well as the expected and anticipated future performance of a replacement dealership that would be operated by plaintiffs. Plaintiffs Lee and John T. Major, James Henderson and Major Cadillac state they relied on these representations to purchase Fisher Chevrolet and expended approximately $1.2 million for the deal. After plaintiffs purchased the dealership, the new dealership became known as "Main Street Chevrolet." Plaintiffs claim that General Motors knew at the time it promised assistance to plaintiffs that it would not provide Main Street Chevrolet with valuable discount certificates it offered other dealerships. As a result of these alleged misrepresentations, plaintiffs claim Main Street Chevrolet went out of business.

When Main Street Chevrolet closed, plaintiffs allege that defendants David Rowe, Greg Flesch, and Mary Phalen contacted Lee Major demanding payment of monies owed to GMAC by Main Street. Plaintiffs further allege that these defendants coerced and threatened plaintiffs by threatening to revoke GMAC's floor plan financing for plaintiff Major Cadillac and Major Infiniti, dealerships owned by plaintiffs. GMAC did later revoke the floor plan financing agreement and as a result, Major Cadillac was unable to find other financing and it too had to close its operations and sell its assets. Major Cadillac had trouble selling its assets, however, and had to sell them below market value.

Plaintiffs subsequently brought a 14-Count petition in Circuit Court of Jackson County, Missouri. Defendants removed this case based on diversity jurisdiction on November 19, 2007 (Doc. No. 1). Plaintiffs then filed a motion to remand on December 5,

2007 alleging that removal is improper because no diversity jurisdiction exists (Doc. No. 16). Defendants, however, claim that diversity jurisdiction exists because defendant Greg Flesch was fraudulently joined in order to defeat diversity jurisdiction.

## II. STANDARD

> It is the defendant's burden to prove that removal is proper and that all prerequisites are satisfied. See generally, Hatridge v. Aetna Cas. & Sur. Co., 415 F.2d 809, 814 (8th Cir. 1969). The removal statute is to be narrowly construed, and any doubt about the propriety of removal is resolved in favor of state court jurisdiction. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941); In re Business Men's Assur. Co. of America, 992 F.2d 181, 183 (8th Cir. 1993). Any technical defect in the removal procedure requires a remand unless the plaintiff fails to move for a remand within thirty days of removal. In re Amoco Petroleum Additives, Co., 964 F.2d 706, 708 (7th Cir. 1992); Carroll v. Gold Medal of Tennessee, Inc., 869 F.Supp. 745, 746 (E.D.Mo. 1994).

Williams v. Safeco Insur. Co. of America, 74 F.Supp.2d 925, 928 (W.D.Mo. 1999). "Since removal to federal court is a statutory right, and not one granted under the Constitution, removal jurisdiction must be narrowly construed in favor of the non-removing party." Jeffrey Lake Development Inc. v. Central Nebraska Public Power & Irrigation Dist., No. 7:05CV5013, 2005 WL 2563043, *2, 2005 U.S. Dist. LEXIS 30028, *7 (D. Neb. Oct. 11, 2005), citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100,107-09 (1941).

## III. DISCUSSION

The instant case was removed by defendants on the basis that this Court has diversity jurisdiction under 28 U.S.C. § 1441(Doc. No. 1). Plaintiff Major Cadillac is a resident of the state of Missouri and Defendant Greg Flesch is also a Missouri resident. Thus, defendant Flesch defeats diversity jurisdiction if he is a party to this action. As a result, plaintiffs oppose removal of this case and argue this case should be remanded

3

because diversity jurisdiction does not exist. Defendants respond that defendant Flesch was fraudulently joined in order to defeat diversity jurisdiction in this case.

As to the issue of fraudulent joinder, the Court notes that "[j]oinder is fraudulent and removal is proper when there exists no reasonable basis in fact and law supporting a claim against resident defendants." Wiles v. Capitol Indem. Corp., 280 F.3d 868, 871 (8th Cir. 2002), citing Anderson v. Home Ins. Co., 724 F.2d 82, 84 (8th Cir. 1983). "'Joinder is fraudulent only where there is no reasonable basis in fact or colorable[1] ground supporting the claim against the resident defendant, or where the plaintiff has no real intention of prosecuting the action against the resident defendant.'" Richka Enters., Inc. v. Am. Family Mutual Ins. Co., 200 F. Supp. 2d 1049, 1051 (E.D. Mo. 2001) (quoting Reeb v. Wal-Mart Stores, Inc., 902 F. Supp. 185, 188 (E.D. Mo. 1995)). Further, "a plaintiff may not defeat a defendant's right of removal based upon diversity of citizenship jurisdiction by fraudulently joining a non-diverse defendant." BP Chems. Ltd. v. Jiangsu Sopo Corp., 285 F.3d 677, (8th Cir. 2002), citing Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97-99 (1921). Even if the sufficiency of claims against the non-diverse defendant might be questionable, "the better practice is for the federal court not to decide the doubtful question in connection with a motion to remand but simply to remand the case and leave the question for the state courts to decide." Filla v. Norfolk S. Ry. Co., 336 F.3d 806, 810 (8th Cir. 2003) (quoting Iowa Public Service Co. v. Medicine Bow Coal Co., 556 F.2d 400, 406 (8th Cir. 1977)).

In plaintiffs' petition, two counts are alleged against defendant Flesch: (1) Tortious

---

[1] "The 'colorable' term has been used by both the Fifth and Sixth Circuits to describe an alleged cause of action that is reasonable, but speculative." Filla, 336 F.3d at 810, fn. 10, citing Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C., 176 F.3d 904, 907 (6th Cir. 1999); Delgado v. Shell Oil Co., 231 F.3d 165, 180 (5th Cir. 2000).

4

Interference with Business Relationship/Expectancy, and (2) Breach of Duty of Good Faith and Fair Dealing. Plaintiffs argue that these claims against defendant Flesch are indeed colorable claims under Missouri law; thus no fraudulent joinder exists.

### A. Tortious Interference with Business Expectancy Claim Against Defendant Flesch

In order to bring a claim for tortious interference under Missouri law, plaintiffs must prove: (1) a valid business expectancy; (2) defendant's knowledge of the relationship; (3) a breach induced or caused by the defendant's interference; (4) absence of justification; and (5) damages. Rice v. Hodapp, 919 S.W.2d 240, 245 (Mo. 1996), citing Nazeri v. Missouri Valley College, 860 S.W.2d 303, 317 (Mo. banc 1993).

Defendants contend a tortious interference claim against Flesch fails for three reasons (1) plaintiffs do not allege facts showing Flesch acted in a manner to create personal liability; (2) Flesch cannot tortiously interfere with plaintiff's business expectancy because his employer, GMAC, is a party to a contract between it and plaintiffs; and (3) plaintiffs have not alleged a valid business expectancy. First, defendants assert that plaintiffs have not alleged any independent wrongful acts committed by defendant Flesch. Plaintiffs, however, respond that the allegations against Flesch contain each and every element necessary to bring a claim for tortious interference under Missouri law. Plaintiffs note that the allegations contained within paragraphs 161 through 168 in plaintiffs' petition provide support that plaintiffs have alleged sufficient acts committed by defendant Flesch. Plaintiffs point to the following allegations in the Petition:

1. Plaintiffs Lee and John T. Major, James Henderson, and Major Cadillac had a reasonable business expectancy in conducting business transactions with consumers regarding the purchase and/or leasing of vehicles sold at Major Cadillac

5

2. Greg Flesch, by virtue of his extensive and long-standing relationship and dealings with plaintiffs, had knowledge of plaintiffs' expectancy.
3. Greg Flesch, through his deliberate conduct and/or illegal actions referenced herein including, without limitation, his threats of cancelling the floor plan financing for Major Cadillac, interfered with plaintiffs' business expectancy.
4. But for the conduct of Greg Flesch Plaintiffs were reasonably certain to have realized the business expectancies.
5. Greg Flesch acted without justification.
6. Plaintiffs have been injured by said tortious interference.
7. Greg Flesch's actions and/or omissions were done in a willful, wanton and malicious manner.
8. As a direct and proximate result of the acts and/or omissions of Greg Flesch, plaintiffs have been injured and damaged.

Second, defendants argue that "the tort of interference cannot lie against a party to a contract which creates the business expectancy." Jurisprudence Wireless Communications, Inc. v. CyberTel Corp., 26 S.W.3d 300, 302 (Mo. Ct. App. 2007)(citations omitted). Defendants contend that because the floorplan financing agreement with GMAC created plaintiffs' expectancy in consumers, defendant Flesch, acting on behalf of GMAC, cannot interfere with its own contract. Defendants also assert that Flesch cannot be personally liable for the actions he took because he was acting on behalf of GMAC. Plaintiffs respond that the tortious interference claim against Flesch is not based on the floor plan financing agreement with GMAC, but rather is based on plaintiffs' longstanding business relationship with its customers which existed separate and apart from any contractual relationship with GMAC. Additionally, plaintiffs claim that Flesch can be personally liable for the tortious corporate conduct he or she knowingly participates.

Finally, defendants argue that plaintiffs have not alleged any valid business expectancy. Defendants claim that plaintiffs cannot allege a vague expectancy in a general class of consumers. Plaintiffs respond that their petition alleges defendants tortiously

6

interfered with plaintiff's business expectancies and contractual relationships with thousands of Missouri residents. Plaintiffs assert that under Missouri law, a reasonable business expectancy of commercial relations is protected even if there is no pre-existing contract or business relationship. American Business Interiors, Inc. v. Haworth, Inc., 798 F.2d 1135, 1143 (8th Cir. 1986).

Upon review of plaintiffs' petition, the parties' arguments, and relevant Missouri law, the Court finds that a colorable tortious interference claim under Missouri law exists against defendant Flesch. As the petition reads, plaintiffs' business expectancy claim against Flesch is not necessarily based on the floor plan financing agreement, but rather is based on plaintiffs' commercial and business relationships with plaintiffs' customers. Thus, plaintiffs have asserted a valid business expectancy and a colorable state law claim lies.

Further, since plaintiffs assert that their claim is based on plaintiffs' expectancies with their customers and not in contract, it is possible that Flesch as a corporate officer may be individually liable if he knowingly participated in the conduct and acted outside the scope. See Omaha Indemnity Corp., et al v. Royal American Managers, Inc., 755 F. Supp. 1451, 1458 (W.D. Mo. 1991) (citations omitted). In addition, "where the sufficiency of the complaint against the non-diverse defendant is questionable, 'the better practice is for the federal court not to decide the doubtful question in connection with a motion to remand but simply to remand the case and leave the question for the state courts to decide.'" Filla, 336 F.3d at 811 (quoting Iowa Public Service Co. v. Medicine Bow Coal Co., 556 F.2d 400, 406 (8th Cir. 1977)).

**B. Breach of Duty of Good Faith and Fair Dealing Claim Against Flesch**

Defendants contend a breach of duty of good faith and fair dealing claim fails

7

because this claim is based only in contract and since Flesch is not a party to the floor plan financing agreement at issue, this claim cannot lie against Flesch. Plaintiffs respond that the existence of a contractual relationship is not a prerequisite for a breach of the duty of good faith and fair dealing claim. Plaintiffs argue that such a claim can exist in tort or in contract.

The Court finds that a colorable breach of duty of good faith and fair dealing claim exists against defendant Flesch under Missouri law. If plaintiffs can prove that Flesch's alleged breach amounted to an independent tort, plaintiffs claim may lie. Tom Pappas Toyota, Inc. v. Toyota Motor Distributers, 729 F. Supp. 71, 72-73 (E.D. Mo. 1990). Thus, plaintiffs' claim does not have to be based solely in contract in order for plaintiffs to have a colorable state law claim against Flesch. Even if it is questionable whether Missouri law requires a contract in order for plaintiff to bring forth a claim for breach of duty of fair dealing and good faith, plaintiffs still have a colorable claim against Flesch for tortious interference with business expectancy.

Because colorable state law claims exist against defendant Flesch, the Court concludes that defendant Flesch was not fraudulently joined. Thus, this Court has no subject matter jurisdiction over this case as no diversity exists between the parties, thereby making removal of this case improper. Therefore, the Court hereby **GRANTS** plaintiff's motion to remand (Doc. No. 16).

Additionally, plaintiffs had requested that this Court award attorney's fees in this action. Absent unusual circumstances, courts may award attorney's fees under 28 U.S.C. §1447(c) "only where the removing party lacked an objectively reasonable basis for seeking

8

removal." See Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005)(internal citations omitted). The Court finds that defendants had an objectively reasonable basis for seeking removal. Therefore, the Court denies plaintiffs' request for an award of attorney's fees.

## IV. CONCLUSION

Accordingly, for the above stated reasons, Plaintiff's Motion for Remand is **GRANTED** (Doc. No. 16) and all other remaining pending motions are **DENIED AS MOOT**: Defendant Greg Flesch's Motion to Dismiss for Failure to State a Claim (Doc. No. 2), Defendant General Motors Corporation's Motion to Dismiss (Doc. No. 20), Plaintiffs' Motion to Dismiss for Lack of Jurisdiction (Doc. No. 30), and Plaintiffs' Motion to Stay all Proceedings Pending Resolution of the Pending Motion to Remand (Doc. No. 18).

**IT IS SO ORDERED.**

Date: 2/19/08　　　　　　　　　　　　　**S/ FERNANDO J. GAITAN**, **JR.**
Kansas City, Missouri　　　　　　　　　Fernando J. Gaitan, Jr.
　　　　　　　　　　　　　　　　　　　Chief United States District Judge

9